IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA COLONY DEVELOPMENT CORPORATION, INC. and CARL M. FREEMAN ASSOCIATES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 06-94 (GMS) |
| RESORTQUEST INTERNATIONAL, INC., RESORTQUEST DELAWARE BEACHES, COASTAL RESORTS MANAGEMENT, INC., and COASTAL RESORTS REALTY L.L.C., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER

Defendants ResortQuest International, Inc. ("RQI"), ResortQuest Delaware Beaches, Coastal Resorts Management, Inc. ("CRM"), and Coastal Resorts Realty, L.L.C. ("CRR") (collectively, "defendants") answer the Complaint of Sea Colony Development Corporation, Inc. ("SCDC") and Carl M. Freeman Associates, Inc. ("Freeman") as follows:

1.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

2.  Defendants admit that CRM and CRR entered into trademark license agreements with SCDC in connection with their management services and sales and rental services, and that SCDC purported to terminate these license agreements on or about May 31, 2005. Defendants deny the remaining allegations of paragraph 2.

3.  Defendants deny the allegations of paragraph 3.

4.  Defendants admit the allegations of the first sentence, and deny the allegations of the second and third sentences of paragraph 4.

5. Defendants admit that this Court has subject matter jurisdiction over this action.

6. Defendants admit that this Court has personal jurisdiction over each of the defendants.

7. Defendants admit that venue is proper in this district. Defendants deny that they have committed the acts alleged in the Complaint or that those alleged acts have caused damage to SCDC and Freeman.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10, except they admit that ResortQuest International, Inc. is a Delaware corporation.

11. Defendants deny the allegations of paragraph 11.

12. Defendants admit the allegations of the first sentence, and deny the allegations of the second sentence of paragraph 12. Defendants deny the allegations of the third sentence of paragraph 12, except they admit that CRM sometimes identifies itself, among other names, as ResortQuest Delaware Beaches.

13. Defendants admit the allegations the first and second sentences of paragraph 13. Defendants deny the allegations of the third sentence of paragraph 13, except they admit that CRR sometimes identifies itself, among other names, as ResortQuest Delaware Beaches.

14. Defendants admit that SCDC is the developer of the Sea Colony resort in Bethany Beach, Delaware. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Defendants admit that Registration No. 1,104,024 was granted on the Principal Register on October 10, 1978. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18.

19. Defendants admit that Registration No. 2,228,448 was granted on the Principal Register on March 2, 1999. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 19.

20. Defendants admit that SCDC and CRM entered into a license agreement dated December 31, 1997 which is attached as Exhibit C to the Complaint (the "CRM License Agreement"). The CRM License Agreement speaks for itself and defendants deny the remaining allegations of paragraph 20 to the extent they are inconsistent with the complete terms of the CRM License Agreement.

21. The CRM License Agreement speaks for itself. Defendants deny the allegations of paragraph 21 to the extent they are inconsistent with the complete terms of the CRM License Agreement.

22. The CRM License Agreement speaks for itself. Defendants deny the allegations of paragraph 22 to the extent they are inconsistent with the complete terms of the CRM License Agreement.

23. The CRM License Agreement speaks for itself. Defendants deny the allegations of paragraph 23 to the extent they are inconsistent with the complete terms of the CRM License Agreement.

24. Defendants admit that SCDC and CRR entered into a license agreement dated December 31, 1997 (the "CRR License Agreement"). The CRR License Agreement speaks for itself and defendants deny the remaining allegations of paragraph 24 to the extent they are inconsistent with the complete terms of the CRR License Agreement.

25. Defendants deny the allegations of paragraph 25, except they admit that CRR and CRM used the seacolony.com domain name and 1-800-SEA-COLONY telephone number in conjunction with their services in accordance with the terms of the CRR and CRM License Agreements.

26. Defendants admit the allegations of paragraph 26.

27. Defendants admit that CRM and CRR License Agreements were amended. The terms of those amendments speak for themselves. Defendants deny the remaining allegations of paragraph 27 to the extent they are inconsistent with the complete terms of the amendments.

28. Defendants admit the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29, except they admit that on or about April 25, 2005, SCDC sent RQI a letter purporting to terminate the CRM License

Agreement as of May 31, 2005 and that a copy of that letter is attached as Exhibit D to the Complaint.

30. The April 25, 2005 letter speaks for itself. Defendants deny the allegations of paragraph 30 to the extent they are inconsistent with the letter.

31. Defendants admit that RQI responded on or about May 31, 2005 to SCDC's April 25, 2005 letter and that a copy of this letter is attached as Exhibit E to the Complaint. The May 31, 2005 letter speaks for itself and defendants deny the remaining allegations of paragraph 31 to the extent they are inconsistent with the letter.

32. The May 31, 2005 letter speaks for itself. Defendants deny the allegations of paragraph 32 to the extent they are inconsistent with the letter.

33. Defendants deny the allegations of paragraph 33, except they admit that plaintiffs purported to terminate the CRM License Agreement as of May 31, 2005.

34. Defendants deny the allegations of paragraph 34, except that defendants admit that they have used the phrase "ResortQuest at Sea Colony."

35. Defendants deny the allegations of paragraph 35, except that they admit that the photograph of the signage of RQI's Bethany Beach office is attached as Exhibit F to the Complaint.

36. Defendants deny the allegations of paragraph 36 except that defendants admit that dialing the number 1-800-732-2656 connects consumers to RQI.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38 of the Complaint, except they admit that the phone numbers 302-537-6700 and 302-537-8888 both connect the caller to RQI.

39.    Defendants deny the allegations of paragraph 39, except they admit that if a user electronically searches for Sea Colony in Bethany Beach, Delaware on the Yahoo! Yellow Pages, the search returns an entry for "Sea Colony Realty" as the second listed entry, that the number is listed as 302-593-6961, and that the phone number connects the caller to RQI.

40.    Defendants deny the allegations of paragraph 40, except they admit that if a user electronically searches for "Sea Colony" in Delaware on superpages.com, the second entry is "Sea Colony" and lists a phone number of 302-537-6700, and that this telephone number connects the caller to RQI.

41.    Defendants deny the allegations of paragraph 41.

42.    Defendants deny the allegations of paragraph 42, except they admit that RQI truthfully advertises that it offers special deals on vacation homes at Sea Colony through Google and that when a user of Google searches for "Sea Colony," resortquest.com is one of the voluminous listings that is returned.

43.    Defendants deny the allegations of paragraph 43.

44.    Defendants deny the allegations of paragraph 44.

45.    Defendants deny the allegations of the first sentence, except they admit that RQI owns the domain name registration for seacolony.com. Defendants admit the allegations of the second sentence of paragraph 45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 45.

46.    Defendants deny the allegations of paragraph 46.

47.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.    Defendants admit the allegations of paragraph 48.

49. The terms of the Lease speak for themselves. Defendants deny the allegations of paragraph 49 to the extent they are inconsistent with the complete terms of the Lease.

50. The terms of the Lease speak for themselves. Defendants deny the allegations of paragraph 50 to the extent they are inconsistent with the complete terms of the Lease.

51. Defendants deny the allegations of paragraph 51.

<div align="center">

**Count I**
**Federal Trademark Infringement**
*Lanham Act, 15 U.S. C. § 1114*

</div>

52. Defendants reallege and incorporate by reference herein their responses to the allegations in paragraphs 1-51 of the Complaint as if set forth fully herein.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants deny the allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

**Count II**
**Federal Unfair Competition**
*Lanham Act, 15 U.S. C. § 1125(a)(1)(A)*

60. Defendants reallege and incorporate by reference herein their responses to the allegations in paragraphs 1-59 of the Complaint as if set forth fully herein.

61. Defendants deny the allegations of paragraph 61.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

**Count III**
**Anti-Cybersquatting Consumer Protection Act**
*Lanham Act, 15 U.S. C. § 1125(d)*

67. Defendants reallege and incorporate by reference herein their responses to the allegations in paragraphs 1-66 of the Complaint as if set forth fully herein.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

71. Defendants deny the allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Defendants deny the allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

77. Defendants deny the allegations of paragraph 77.

## Count IV
### Breach Of Contract (Breach Of The Licenses)

78. Defendants reallege and incorporate by reference herein their responses to the allegations in paragraphs 1-77 of the Complaint as if set forth fully herein.

79. Defendants admit the allegations of paragraph 79.

80. Defendants deny the allegations of paragraph 80.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

83. Defendants deny the allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84.

## Count V
### Conversion

85. Defendants reallege and incorporate by reference herein their responses to the allegations in paragraphs 1-84 of the Complaint as if set forth fully herein.

86. Defendants deny the allegations of paragraph 86.

87. Defendants deny the allegations of paragraph 87.

88. Defendants deny the allegations of paragraph 88.

89. Defendants deny the allegations of paragraph 89.

90. Defendants deny the allegations of paragraph 90.

91. Defendants deny the allegations of paragraph 91.

**Count VI**
**Violation Of The Delaware**
**Uniform DeceptiveTrade Practices Act**
*6 Del. C. §§ 2531-2536*

92.    Defendants reallege and incorporate by reference herein their responses to the allegations in paragraphs 1-91 of the Complaint as if set forth fully herein.

93.    Defendants deny the allegations of paragraph 93.

94.    Defendants deny the allegations of paragraph 94.

95.    Defendants deny the allegations of paragraph 95.

96.    Defendants deny the allegations of paragraph 96.

97.    Defendants deny the allegations of paragraph 97.

98.    Defendants deny the allegations of paragraph 98.

99.    Defendants deny the allegations of paragraph 99.

100.    Defendants deny the allegations of paragraph 100.

101.    Defendants deny the allegations of paragraph 101.

102.    Defendants deny the allegations of paragraph 102.

**Count VII**
**Violation Of The Delaware**
**Anti-Dilution Statute**
*6 Del. C. § 3313*

103.    Defendants reallege and incorporate by reference herein their responses to the allegations in paragraphs 1-102 of the Complaint as if set forth fully herein.

104.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 104.

105.    Defendants deny the allegations of paragraph 105.

106.    Defendants deny the allegations of paragraph 106.

107. Defendants deny the allegations of paragraph 107.

108. Defendants deny the allegations of paragraph 108.

## Count VIII
## Common-Law Unfair Competition

109. Defendants reallege and incorporate by reference herein their responses to the allegations in paragraphs 1-108 of the Complaint as if set forth fully herein.

110. Defendants deny the allegations of paragraph 110.

111. Defendants deny the allegations of paragraph 111.

112. Defendants deny the allegations of paragraph 112.

113. Defendants deny the allegations of paragraph 113.

114. Defendants deny the allegations of paragraph 114.

## Count IX
## Breach Of Contract
## (Breach Of The Lease)

115. Defendants reallege and incorporate by reference herein their responses to the allegations in paragraphs 1-114 of the Complaint as if set forth fully herein.

116. Defendants deny the allegations of paragraph 116, except they admit that the lease between Freeman and CRM is a valid and enforceable contract.

117. Defendants deny the allegations of paragraph 117.

118. Defendants deny the allegations of paragraph 118.

119. Defendants deny the allegations of paragraph 119.

120. Defendants deny the allegations of paragraph 120.

## DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred, in whole or in part, for lack of standing.

3. The Complaint fails to state a claim for damages under the Delaware Deceptive Trade Practices Act, 6 Del. C. §§ 2532, *et seq*.

4. The Complaint fails to state a claim under the Delaware Deceptive Trade Practices Act, 6 Del. C. §§ 2532, *et seq.* because the allegations relate to the sale of real estate.

5. The Complaint is barred, in whole or in part, by the doctrine of fair use.

6. The Complaint is barred, in whole or in part, by the doctrine of license.

7. The Complaint is barred, in whole or in part, by the doctrine of acquiescence.

8. The Complaint is barred, in whole or in part, by the doctrine of estoppel.

9. The Complaint is barred, in whole or in part, by the doctrine of waiver.

10. The Complaint is barred, in whole or in part, by the doctrine of laches.

11. The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

WHEREFORE, defendants ResortQuest International, Inc., ResortQuest Delaware Beaches, Coastal Resorts Management, Inc. and Coastal Resorts Realty, L.L.C. request that the Court:

1. Dismiss the Complaint with prejudice.

2. Deny plaintiffs the relief requested in the Complaint.

3. Award defendants their attorney fees in connection with their defense of this action.

4. Grant such other relief as the Court deems just and equitable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
klouden@mnat.com
Benjamin Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for defendants

April 6, 2006

509812

CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to Steven J. Balick and John G. Day.

I further certify that true and correct copies of the foregoing were caused to be served on April 6, 2006 upon the following individuals in the manner indicated:

**By Hand**

Steven J. Balick
John G. Day
Ashby & Geddes
222 Delaware Ave., 17th Flr.
P.O. Box 1150
Wilmington, DE  19899

/s/ *Karen Jacobs Louden*
Karen Jacobs Louden
klouden@mnat.com (#2881)