IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEA COLONY DEVELOPMENT<br>    CORPORATION, INC., and<br>CARL M. FREEMAN ASSOCIATES, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>RESORTQUEST INTERNATIONAL, INC.,<br>RESORTQUEST DELAWARE BEACHES,<br>COASTAL RESORTS MANAGEMENT,<br>    INC., and<br>COASTAL RESORTS REALTY, L.L.C.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 06-94 (GMS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT

Pursuant to Rule 16, Fed. R. Civ. P., D. Del. LR 16.2, and the Court's Notice of Scheduling Conference, the parties, by and through their undersigned counsel, jointly submit this Status Report. Counsel for the parties participated in a telephone conference pursuant to the Notice of Scheduling Conference and as required by Fed. R. Civ. P. 26(f) on May 22, 2006. Raymond Kurz and Scott Stevens of Hogan & Hartson, L.L.P., as well as Steven Balick of Ashby & Geddes, participated via telephone on behalf of the plaintiffs, and Karen Jacobs Louden and Ben Schladweiler of Morris, Nichols, Arsht & Tunnell LLP participated via telephone on behalf of the defendants.

I.    **Joint Status Report**

   **1. Jurisdiction and Service:**

   The parties agree that the Court has subject-matter jurisdiction over this action and that the Court has personal jurisdiction over each of the parties. No parties remain to be served.

   **2. Substance of the Action:**

   Plaintiffs state that they are the owners of the federally registered SEA COLONY word mark and Bird-In-Circle Design Mark and that they and their licensees have used such marks in connection with services involving the Sea Colony Resort Community in Bethany Beach, Delaware for decades. Defendants are previous licensees of these marks, but no longer maintain any right, title, or interest thereto. Plaintiffs allege that defendants nonetheless continue to use and infringe upon plaintiffs' marks, and continue wrongfully to possess the registration for the seacolony.com domain name. Additionally, plaintiffs allege that CRM is in breach of its rental agreement for office space at the Sea Colony Resort.

   Defendants state that Sea Colony is the name of a resort community in Bethany Beach, Delaware. Defendants provide management services at Sea Colony, pursuant to a management agreement with Sea Colony Recreational Association, an entity unaffiliated with plaintiffs that is a licensee of plaintiffs' marks. Defendants also sell and rent real estate, including at Sea Colony. Plaintiffs previously held ownership interests in defendants and actively encouraged them to use their marks.

Defendants deny that they have infringed upon any of plaintiffs' rights or that they have done anything other than truthfully advertise that they provide management services at Sea Colony and sell and rent real estate at Sea Colony. Defendants further deny that they have breached the terms of their lease at the Sea Colony resort.

### 3. Identification of Issues:

Plaintiffs state that the legal issues in dispute are whether the defendants' actions constitute trademark infringement (15 U.S.C. § 1114), unfair competition (15 U.S.C. § 1125(a)(1)(A)), breach of contract, conversion, violate the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)), and violate related state-law claims.

Defendants deny any liability in this action, and assert that additional issues to be decided are defendants' defenses of fair use, license, estoppel, waiver, acquiescence, laches, and unclean hands, among others.

### 4. Narrowing of Issues:

The parties expect that, as discovery proceeds and the case progresses, they may be able to narrow the issues by way of stipulation or dispositive motions. The parties further submit that early mediation may assist them in narrowing the issues.

**5. Relief:**

Plaintiffs state that they seek at least five types of relief: (1) money damages, (2) an injunction prohibiting future infringing conduct, (3) an accounting of revenue/profits received by defendants stemming from the infringing conduct, (4) transferal of the seacolony.com domain name to plaintiffs, and (5) costs and attorneys' fees.  Plaintiffs further state that they are unable to calculate an exact monetary demand without discovery.

Defendants deny that plaintiffs are entitled to any relief, and have sought their attorneys' fees in connection with their defense of this action.

**6. Amendment of Pleadings:**

The parties cannot yet assess the likelihood that they will need to seek to amend the pleadings in this action, but they respectfully wish to reserve the right to file motions to amend the pleadings within the deadlines set forth in the proposed dates.

**7. Joinder of Parties:**

The parties cannot yet assess the likelihood that they will need to seek to join parties in this action, but they respectfully wish to reserve the right to file motions to join parties within the deadlines set forth in the proposed dates.

**8. Discovery:**

Please see the following chart for the parties' respective proposed deadlines in the case. In addition, the parties agree to be governed by the provisions of the Federal Rules of Civil Procedure with respect to limits on discovery, except they agree, subject to the Court's approval, that each side should be permitted to serve a total of 50 interrogatories upon the opposing party.

| Deadline | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Initial Disclosures | July 14, 2006 | July 14, 2006 |
| Join Parties/Amend Pleadings | October 9, 2006 | November 20, 2006 |
| Fact Discovery Cutoff | November 6, 2006 | March 2, 2007 |
| Opening Expert Reports | November 20, 2006 | January 10, 2007 |
| Rebuttal Expert Reports | December 18, 2006 | February 7, 2007 |
| Expert Discovery Cutoff | January 29, 2007 | March 2, 2007 |
| Opening Dispositive Motions | February 12, 2007 | March 15, 2007 |
| Opposition to Dispositive Motions | March 5, 2007 | April 5, 2007 |
| Replies to Dispositive Motions | March 19, 2007 | April 19, 2007 |
| Pretrial Order | May 1, 2007 | August 10, 2007 |
| Pretrial Conference | May 2007 | September 5, 2007 |
| Trial | June 2007 | September 24, 2007 |

**9. Estimated Trial Length:**

The parties estimate that, while the extent of many issues are not yet known as no discovery has been conducted, the trial should take approximately three to five days.

**10. Jury trial:**

Plaintiffs state that the complaint includes a jury demand, and that their current intention is to request a trial by jury.

**11. Settlement.**

The parties state that informal settlement discussions have taken place, both by telephone and in writing.  The parties believe that early referral of this case to mediation before Magistrate Judge Thynge may assist in resolution of this action, and they hereby respectfully request that the Court make such a referral.

**12. Other matters.**

The parties agree that a protective order is necessary due to confidential business information that will need to be exchanged in this action.  The parties expect to present a protective order to the Court for its consideration.

**13.** Counsel for the parties have conferred about each of the above matters.

Respectfully submitted,

| | |
|---|---|
| ASHBY & GEDDES | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| */s/ Steven J. Balick* | */s/ Karen Jacobs Louden* |
| Steven J. Balick (I.D. #2114) | Jack B. Blumenfeld (I.D. # 1014) |
| John G. Day (I.D. #2403) | Karen Jacobs Louden (I.D. # 2881) |
| 222 Delaware Avenue | Chase Manhattan Centre |
| 17th Floor | 18th Floor |
| P.O. Box 1150 | 1201 North Market Street |
| Wilmington, Delaware 19899 | P.O. Box 1347 |
| (302) 654-1888 | Wilmington, Delaware 19899 |
| | (302) 658-9200 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

Of Counsel:

HOGAN & HARTSON L.L.P.
Raymond A. Kurz
Celine Jimenez Crowson
M Scott Stevens
555 Thirteenth Street, NW
Washington, DC  20004
TEL:  202-637-5600
FAX:  202-637-5910


Dated:  May 25, 2006
169848.1