IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEA COLONY DEVELOPMENT CORPORATION, INC. and CARL M. FREEMAN ASSOCIATES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 06-94 (GMS) |
| RESORTQUEST INTERNATIONAL, INC., RESORTQUEST DELAWARE BEACHES, COASTAL RESORTS MANAGEMENT, INC., and COASTAL RESORTS REALTY L.L.C., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] CONSENT JUDGMENT

The Court, pursuant to the stipulation of the parties, hereby ORDERS, ADJUDICATES, and DECREES that final judgment shall be and hereby is entered on the Complaint as follows:

A. ResortQuest International Inc., ResortQuest Delaware Beaches, Coastal Resorts Management, Inc., and Coastal Resorts Realty L.L.C. (collectively "RQI"), their assigns, transferees, employees, agents and representatives, and all other persons, firms, or entities acting in concert or participating with them, shall not use the SEA COLONY mark or the words "sea colony," or any mark or term confusingly similar thereto, in any form (including in advertisements) as a trademark, service mark, trade name, corporate name, domain or subdomain name, or the like. Without limitation, RQI specifically agrees not to use as a business name, service mark, trade name, corporate name, or the like, "RQI, formerly known as Sea Colony Realty," "RQI at Sea Colony," "ResortQuest at Sea Colony," "Sea Colony Rentals," "1-800-

SEA-COLONY," "ResortQuest – Sea Colony East Property Management," or "Sea Colony Management," or substantially similar words or names, provided that RQI may use its existing inventory of materials through October 10, 2006. If RQI learns that any of its representative or agents are using the words "sea colony" in the manner described in this paragraph, RQI shall take reasonable steps to stop the representative or agent from doing so.

B. RQI is permitted to use the words "sea colony" only as a fair-use identification of the overall Sea Colony resort, the physical place of the resort, RQI's location in or near the resort, and the services that RQI provides at the resort. For example, RQI may advertise (although not as a business name) that it sells and/or rents units at Sea Colony or the Sea Colony Resort. RQI may also use the term "sea colony" in a URL as a path or filename appearing after the domain name.

C. RQI shall not use the Bird-In-Circle Design mark for any purposes.

D. Other than with respect to listings for "Sea Colony Recreation Association" and the specific names of the Sea Colony homeowner associations, RQI, its assigns, transferees, employees, agents and representatives, and all other persons, firms, or entities acting in concert or participating with it, shall not place any phone listing that contains the words "sea colony."

E. RQI shall take reasonable steps to notify traditional and online white-page and yellow-page directories and telephonic-based directories (i.e. 411 services) that any listings with the words "sea colony" that are associated with a telephone number that connects a call to RQI's sales and rentals business shall be removed. Sea Colony Development Corporation, Inc. and Carl M. Freeman Associates, Inc. (collectively "Sea Colony") shall identify the specific directories that they wish RQI to contact. Nothing herein shall preclude RQI from using the

words "sea colony" in search engine optimizations, such as Yahoo! or Google, in conformance with then-prevailing industry standards.

F.　RQI shall maintain separate phone numbers for the Sea Colony Recreation Association or any of the Sea Colony homeowner associations and RQI's rentals and/or sales business. Furthermore, the phone number for the Sea Colony Recreation Association shall not allow the caller to select an automatic call-routing option to be transferred to a sales and/or rentals business. RQI shall effect the changes of this paragraph no later than November 10, 2006.

G.　RQI agrees not to challenge, contest, oppose, seek to cancel, or otherwise object to Sea Colony's use of, registration of, and/or rights in the SEA COLONY mark and/or the Bird-In-Circle Design mark and/or any substantially similar variations thereof, or to voluntarily assist any third party in challenging, contesting, opposing, seeking to cancel, or otherwise objecting to Sea Colony's use of, registration of, and/or rights in the SEA COLONY mark and/or the Bird-In-Circle Design mark and/or any substantially similar variations thereof, including, without limitation, challenging the validity or enforceability thereof.

H.　Nothing herein is intended to limit the scope of the license rights of the Sea Colony Recreation Association to the SEA COLONY mark and the Bird-In-Circle Design mark, including in connection with its retail store, merchandise, and recreational programs, and nothing herein shall be deemed to prevent RQI from operating such facilities or programs on behalf of the Sea Colony Recreation Association. However, nothing in the license between Sea Colony and the Sea Colony Recreation Association provides RQI with a sublicense to any of Sea Colony's trademarks, nor does that license allow RQI to use Sea Colony's trademarks as a business name or trademark of RQI's own.

I. No appeals shall be taken from this Judgment, and the parties waive all rights to appeal. This Court expressly retains jurisdiction over this matter to enforce any violation of the terms of this Judgment, by either party. Notwithstanding the foregoing sentence, no contempt proceeding to enforce this Consent Judgment herein shall be maintained unless and until RQI has been notified of the alleged violation and has been given thirty (30) days to cure the alleged violation. However, should RQI begin diligent efforts to cure the alleged violation within the thirty (30) days, but not be able fully to effect the cure within that time period, RQI shall have an additional thiry (30) days to fully cure the alleged violation before a contempt proceeding may be instituted.

J. Each party shall bear their own fees and costs.

IT IS SO ORDERED, ADJUDICATED, AND DECREED.

Dated: Oct. 4, 2006

_____
Honorable Gregory M. Sleet
United States District Judge

FILED
OCT - 4 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE